Earlie ROBERTSON, Appellant

v.

SOUTHWESTERN BELL YELLOW PAGES, INC., Kenneth Ray Smithee, and Terry John Walsh, Appellees.

No. 05–05–00268–CV.

Court of Appeals of Texas, Dallas.

May 4, 2006.

Tom Carse, The Carse Law Firm, Dallas, for Appellant.

Roger D. Brown, Law Office of Roger D. Brown, P.C., Fort Worth, John G. Browning, Browning & Fleishman, P.C., David L. Craft and Gerald Vincent Bright, Walker Bright & Lewis, P.C., Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice O'NEILL.

In this defamation suit, appellant Earlie Robertson appeals a judgment granted in

favor of appellees Southwestern Bell Yellow Pages, Inc. (SWBYP), Kenneth Ray Smithee, and Terry John Walsh. Appellant presents four issues on appeal generally contending the trial court erred in granting appellees' motions for summary judgment. For the following reasons, we affirm the trial court's judgment.

Appellant Earlie Robertson sued her employer SWBYP, and fellow SWBYP employees Smithee and Walsh for slander and libel after a conversation between Smithee, Walsh and another SWBYP employee, Shelby Graf, was inadvertently recorded on another coworker's voicemail. The conversation was recorded when Smithee, Walsh, and Graf were driving to lunch and Walsh accidently hit redial on his cell phone. A transcript of the voicemail shows that Walsh was complaining to Smithee and Graf about his home telephone service with Southwestern Bell. Walsh then blamed Southwestern Bell's poor stock performance generally on incompetent employees. The conversation took a disturbing turn when Smithee interrupted and stated that he had recently called to make changes to his home service, "got a hold of a white girl" who quickly dealt with his issue. Walsh then made a comment complaining about "quotas." The following then occurred:

[Smithee] They'll never go away in Dallas. They can't get a job anywhere else. Five dollar employees that we're paying $40,000 a year for.

[Graf] (inaudible) he said, yeah, if I had to take something down to that 3rd floor to somebody like [appellant], I'd just put it in her box and run.

[Walsh] Yea

Appellant, who is African–American, subsequently heard the recording and filed suit against Smithee, Walsh and SWBYP, but not Graf. Appellant alleged claims for defamation and libel. Smithee filed a traditional motion for summary judgment asserting he was entitled to judgment as a matter of law because he did not make a defamatory statement about appellant. Walsh and SWBYP each filed "no evidence" motions for summary judgment asserting, among other things, appellant had no evidence of a defamatory statement. The trial court granted summary judgment in favor of each appellee.

The standard of review in a traditional summary judgment case is well-established. *See* Tex.R. Civ. P. 166a(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). In reviewing a summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We indulge every reasonable inference in favor of the nonmovant and resolve all doubts in its favor. *Id.* To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Hoover v. Gregory*, 835 S.W.2d 668, 671 (Tex.App.-Dallas 1992, writ denied).

Under the "the no-evidence summary judgment rule," after adequate time for discovery, a party may move for summary judgment as to all or part of a lawsuit on the grounds that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). A no-evidence motion for summary judgment places the burden on the nonmovant to present enough evidence to go to trial. *Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428, 432 (Tex.App.-Houston [14th Dist.] 1999, no pet.). If the nonmovant cannot produce

evidence on one or more essential elements of his claim, the court must grant the summary judgment. TEX.R. CIV. P. 166a(i).

■ Libel and slander are both forms of defamation. *Austin v. Inet Technologies, Inc.,* 118 S.W.3d 491, 496 (Tex.App.-Dallas 2003, no pet.). Slander is a false statement about an ascertainable person that is published to a third person without legal excuse. *Id.* Libel is defamation expressed in written form. *Id.*

■ Whether a publication is capable of being defamatory is initially a question of law to be determined by the court. *Turner v. KTRK Television, Inc.,* 38 S.W.3d 103, 114 (Tex.2000). To make this determination, the trial court should consider whether the words used are reasonably capable of defamatory meaning by considering the allegedly defamatory statement as a whole. *See Musser v. Smith Protective Servs., Inc.,* 723 S.W.2d 653, 654–55 (Tex.1987). The determination is based on how a person of ordinary intelligence would perceive the entire statement. *See also Bentley v. Bunton,* 94 S.W.3d 561, 579 (Tex.2002).

■ In her first issue, appellant contends the trial court erred in granting Smithee's motion for summary judgment. Smithee filed a traditional motion for summary judgment asserting, as a matter of law, that he made no statement about appellant. Viewed in the light most favorable to appellant, the summary judgment record shows that Smithee made repugnant and offensive remarks about African–Americans in general. Smithee's remarks were not directed specifically toward any specific persons or person. Indeed, in her deposition, appellant admitted the only statements Smithee made were about "blacks in general." Likewise, in her petition, appellant acknowledged that these preliminary statements were directed generally toward African–Americans. For a defamatory statement to be actionable, it must refer to an ascertainable person. *See Newspapers, Inc. v. Matthews,* 161 Tex. 284, 339 S.W.2d 890, 897 (1960); *Austin v. Inet Technologies, Inc.,* 118 S.W.3d 491, 496 (Tex.App.-Dallas 2003, no pet.); *see also Padilla v. Carrier Air Conditioning,* 67 F.Supp.2d 650, 663 (E.D.Tex.1999). For this reason, statements about very large groups generally will not support an action for defamation. *See, e.g., Alvord–Polk, Inc. v. F. Schumacher & Co.,* 37 F.3d 996, 1015 (3d Cir.1994); *Michigan United Conservation Clubs v. CBS News,* 665 F.2d 110, 112 (6th Cir.1981). In this case, Smithee's statements could not reasonably be construed to refer specifically to appellant. Thus, the trial court properly granted his motion for summary judgment.

■ In her second issue, appellant contends the trial court erred in granting SWBYP's and Walsh's no-evidence motions for summary judgment because an adequate time for discovery had not elapsed. Whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific. *Restaurant Teams Intern'l, Inc. v. MG Sec. Corp.,* 95 S.W.3d 336, 339 (Tex.App.-Dallas 2002, no pet.). To determine whether adequate time for discovery has passed, we examine such factors as: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already taken place; and (7) whether the discovery deadlines in place were specific or vague. *Id.* Our review of a trial court's determination that there has been an adequate time for dis-

covery is governed by an abuse of discretion standard. *Id.*

■ In this issue, appellant has made no effort to discuss any of the relevant factors. She does not state how much time she had for discovery, what discovery was completed, what further discovery was needed or otherwise argue why the time was not adequate. We will not make appellant's argument for her. *See $4,310 in U.S. Currency v. State*, 133 S.W.3d 828, 829 (Tex.App.-Dallas 2004, no pet.). We conclude this issue is inadequately briefed and presents nothing for review. We resolve the second issue against appellant.

■ In her third and fourth points of error, appellant asserts the trial court erred in granting SWBYP's and Walsh's no-evidence motions for summary judgment. In their motions for summary judgment, SWBYP and Walsh each alleged appellant had no evidence of a defamatory statement because the statements sued upon did not include a statement of fact.

■ A plaintiff suing for a defamatory statement must establish the defendant published a false, defamatory statement of fact, rather than an opinion. *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 383 (Tex.App.-Houston [1st Dist.] 2005, no pet.); *see also Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex.2002). An "opinion" may be actionable provided it implies a factual assertion. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19–20, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990). Determining whether a publication is an actionable statement of fact or a protected expression of opinion depends on a reasonable person's perception of the entirety of a statement. *See Bentley*, 94 S.W.3d at 579. Whether a statement crosses the line between a protected expression of opinion and an actionable implied false statement of objective fact is a question of law. *Sim-*

*mons v. Ware*, 920 S.W.2d 438, 449 (Tex. App.-Amarillo 1996, no pet.f) (citing *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989)).

■ The only complained-of statement that could be perceived to be specifically about appellant is Graf's statement. Although Graf is not a party to this litigation, Walsh replied "Yeah" when Graf made the remark. Uttering an agreement with a defamatory statement can constitute defamation. *See Bentley*, 94 S.W.3d at 603. Consequently, we consider whether Graf's statement was defamatory. In her statement, Graf repeated what another person had told her. This individual had told Graf that he did not want to interact with people "like" appellant on the "third floor" and would "run" if he had to take anything down there. There are no factual statements concerning why this individual had problems with appellant and others on the third floor. However, indulging all reasonable inferences in favor of appellant, based upon the context of the statement, we will assume the statement implied the speaker's belief appellant was not competent. However, a statement implying a coworker is incompetent is not a statement of fact, but rather a nonactionable opinion. *See Brown*, 178 S.W.3d at 383. Further, such a general criticism is not objectively verifiable. *See, e.g., Bentley*, 94 S.W.3d at 561–62 (considering whether a fact objectively verifiable in determining whether statement actionable in tort). We conclude that to the extent there is any evidence of a statement about appellant, the statement was not an actionable statement of fact. *See id.* We resolve the third and fourth issues against appellant.

We affirm the trial court's judgment.