COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-173-CV

 

 

IRMA COOPER A/K/A ERMA COOPER                                     APPELLANT

 

                                                   V.

 

LEE NICK MCFADIN, JR. D/B/A                                               APPELLEES

A&M
INVESTMENT, A&M INVESTMENTS, 

A&M
HERITAGE HOLDINGS, INC., 

A&M
HERITAGE HOLDINGS, LTD., 

HERITAGE
HOLDINGS, L.L.C., AND 

C.
HARDING, SUBSTITUTE TRUSTEE

 

                                              ------------

 

      FROM
THE COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 








Irma Cooper a/k/a Erma Cooper
appeals from a summary judgment for Lee Nick McFadin, Jr. d/b/a A&M
Investment, A&M Investments, A&M Heritage Holdings, Inc., A&M
Heritage Holdings, Ltd., Heritage Holdings, L.L.C., and C. Harding, substitute
trustee, in which the trial court ruled that res judicata and collateral
estoppel barred all of Cooper=s numerous claims.[2]   

Even though she is proceeding
pro se, Cooper is required to comply with the rules of appellate procedure.[3]  The clerk of this court notified Cooper by
letter that her pro se brief did not comply with several provisions of those
rules. We further granted her request for an extension of time to file an
amended brief.  Cooper=s amended brief, however, is also deficient. 

Texas Rule of Appellate
Procedure 38.1 requires an appellant=s brief to Astate
concisely all issues or points presented for review,@ Acontain a
clear and concise argument for the contentions made,@ and contain an appendix.[4]  Cooper=s amended brief does not meet any of these requirements.  








Further,
without setting forth issues for this court=s review, Cooper appears to argue that appellees engaged in deceptive
trade practices and that she was the victim of the trial court=s bias and of fraud in a previous bankruptcy case.  Although Cooper does cite to the DTPA, she
does not in any meaningful way analyze the propriety of the summary judgment or
address res judicata or collateral estoppel.[5]  Rule 38.1(h) requires a brief to contain both
citation to authority and substantive analysis in regard to an issue, and the
failure to include either waives an issue on appeal.[6]  We construe the rules of appellate procedure
liberally, but in this case Cooper=s briefing is so inadequate that we would have to make her arguments
for her.[7]  This we cannot do.[8]









Because her contentions are
inadequately briefed, they are waived, and we will not address them.[9]  We, therefore, overrule Cooper=s points and affirm the trial court=s judgment.

 

PER CURIAM

PANEL A: 
CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED: 
August 24, 2007                              

 











[1]See Tex. R. App. P. 47.4.





[2]Cooper
also names Don Michael Baucum, attorney for all A&M businesses; River Ridge
Holdings, Ltd.; Lee Nick McFadin, III; Elizabeth Pattmore, Mge. [sic] A&M
businesses 40 years; and Daniel Baucum, tax attorney, Dallas, brother to Don
Michael Baucum, attorney for A&M commercial real estate as appellees.  However, these individuals and entities were
not made parties below and are not parties to the trial court=s
judgment.  See Tex. R. App. P. 25.1(b).





[3]Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978); McDaniel v.
Brimmer, No. 02-02-00254-CV, 2003 WL 1348275, at *1 (Tex. App.CFort
Worth Mar. 20, 2003, no pet.) (mem. op.).





[4]Tex. R. App. P. 38.1(e), (h), (j).





[5]See
Palacio v. CNC Invs., Ltd., No. 05-06-00261-CV, 2007 WL 1545920, at
*3 (Tex. App.CDallas
May 30, 2007, no pet.) (mem. op.).





[6]Huey
v. Huey, 200 S.W.3d 851, 854 (Tex. App.CDallas 2006, no pet.); McIntyre
v. Wilson, 50 S.W.3d 674, 682 (Tex. App.CDallas 2001, pet. denied).





[7]Republic
Underwriters Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex.
2004); Garcia v. Robinson, 817 S.W.2d 59, 60 (Tex. 1991); Robertson
v. Sw. Bell Yellow Pages, Inc., 190 S.W.3d 899, 903 (Tex. App.CDallas
2006, no pet.).





[8]Garcia, 817
S.W.2d at 60; Robertson, 190 S.W.3d at 903.





[9]Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284B85
(Tex. 1994) (citing the long-standing rule that a point may be waived due to
inadequate briefing); Bui v. Fort Worth Star-Telegram, No.
02-06-00206-CV, 2007 WL 530078, at *2 n.11 (Tex. App.CFort
Worth Feb. 22, 2007, pet. denied) (mem. op.).