COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-173-CV

IRMA COOPER A/K/A ERMA COOPER APPELLANT

V.

LEE NICK MCFADIN, JR. D/B/A APPELLEES

A&M INVESTMENT, A&M INVESTMENTS, 

A&M HERITAGE HOLDINGS, INC., 

A&M HERITAGE HOLDINGS, LTD., 

HERITAGE HOLDINGS, L.L.C., AND 

C. HARDING, SUBSTITUTE TRUSTEE

------------

FROM THE COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Irma Cooper a/k/a Erma Cooper appeals from a summary judgment for Lee Nick McFadin, Jr. d/b/a A&M Investment, A&M Investments, A&M Heritage Holdings, Inc., A&M Heritage Holdings, Ltd., Heritage Holdings, L.L.C., and C. Harding, substitute trustee, in which the trial court ruled that res judicata and collateral estoppel barred all of Cooper’s numerous claims.
(footnote: 2)   

Even though she is proceeding pro se, Cooper is required to comply with the rules of appellate procedure.
(footnote: 3)  The clerk of this court notified Cooper by letter that her pro se brief did not comply with several provisions of those rules. We further granted her request for an extension of time to file an amended brief.  Cooper’s amended brief, however, is also deficient. 

Texas Rule of Appellate Procedure 38.1 requires an appellant’s brief to “state concisely all issues or points presented for review,” “contain a clear and concise argument for the contentions made,” and contain an appendix.
(footnote: 4)  Cooper’s amended brief does not meet any of these requirements.  

Further, without setting forth issues for this court’s review, Cooper appears to argue that appellees engaged in deceptive trade practices and that she was the victim of the trial court’s bias and of fraud in a previous bankruptcy case.  Although Cooper does cite to the DTPA, she does not in any meaningful way analyze the propriety of the summary judgment or address res judicata or collateral estoppel.
(footnote: 5)  Rule 38.1(h) requires a brief to contain both citation to authority and substantive analysis in regard to an issue, and the failure to include either waives an issue on appeal.
(footnote: 6)  We construe the rules of appellate procedure liberally, but in this case Cooper’s briefing is so inadequate that we would have to make her arguments for her.
(footnote: 7)  This we cannot do.
(footnote: 8) 

Because her contentions are inadequately briefed, they are waived, and we will not address them.
(footnote: 9)  We, therefore, overrule Cooper’s points and affirm the trial court’s judgment.

PER CURIAM

PANEL A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED:  August 24, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Cooper also names Don Michael Baucum, attorney for all A&M businesses; River Ridge Holdings, Ltd.; Lee Nick McFadin, III; Elizabeth Pattmore, Mge. [sic] A&M businesses 40 years; and Daniel Baucum, tax attorney, Dallas, brother to Don Michael Baucum, attorney for A&M commercial real estate as appellees.  However, these individuals and entities were not made parties below and are not parties to the trial court’s judgment.  
See
 
Tex. R. App. P.
 25.1(b).

3:
Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 185 (Tex. 1978);
 McDaniel v. Brimmer
, No. 02-02-00254-CV, 2003 WL 1348275, at *1 (Tex. App.—Fort Worth Mar. 20, 2003, no pet.) (mem. op.).

4:
Tex. R. App. P.
 38.1(e), (h), (j).

5:
See Palacio v. CNC Invs., Ltd.
, No. 05-06-00261-CV, 2007 WL 1545920, at *3 (Tex. App.—Dallas May 30, 2007, no pet.) (mem. op.).

6:
Huey v. Huey
, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); 
McIntyre v. Wilson
, 50 S.W.3d 674, 682 (Tex. App.—Dallas 2001, pet. denied).

7:
Republic Underwriters Ins. Co. v. Mex-Tex, Inc.
, 150 S.W.3d 423, 427 (Tex. 2004); 
Garcia v. Robinson
, 817 S.W.2d 59, 60 (Tex. 1991); 
Robertson v. Sw. Bell Yellow Pages, Inc.
, 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.).

8:
Garcia
, 817 S.W.2d at 60; 
Robertson
, 190 S.W.3d at 903.

9:
Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284–85 (Tex. 1994) (citing the long-standing rule that a point may be waived due to inadequate briefing); 
Bui v. Fort Worth Star-Telegram
, No. 02-06-00206-CV, 2007 WL 530078, at *2 n.11 (Tex. App.—Fort Worth Feb. 22, 2007, pet. denied) (mem. op.).