COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| JOHNNIE LEE CARTER, | § | |
|---|---|---|
| Appellant, | § | No. 08-08-00154-CV |
| | § | Appeal from the |
| v. | § | 327th District Court |
| PARK RIDGE APARTMENTS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2007-4770) |
| | § | |

## O P I N I O N

Johnnie Lee Carter appeals the trial court's nunc pro tunc order on his motion for nonsuit, and order granting summary judgment in favor of Park Ridge Apartments. Finding Carter failed to comply with the briefing requirements in Rule 38.1 of the Texas Rules of Appellate Procedure, we determine that nothing is presented for review and therefore, affirm the trial court's judgment.

## BACKGROUND

Carter sued Park Ridge Apartments for conversion and violations of the Texas Property Code, Texas Utilities Code, and the Texas Fair Housing Act. In response, Park Ridge counterclaimed for breach of lease agreement, seeking damages.

On March 5, 2008, Park Ridge moved for summary judgment on its counterclaim, and the trial court set a hearing on the motion for April 3, 2008. Prior to the scheduled hearing, Carter filed a notice of nonsuit, notifying the court and "all parties to this suit that he [was] taking a nonsuit without prejudice of his entire case against all defendants . . . ." The trial court, on April 2, 2008, granted Carter's nonsuit and dismissed the case without prejudice. Later, on April 7, 2008, the court entered a nunc pro tunc order, clarifying that only Carter's claims against Park Ridge were nonsuited,

not that Park Ridge's counterclaim against Carter was dismissed.

On April 3, 2008, the trial court entertained a hearing on Park Ridge's summary judgment motion. The record does not reflect that Carter filed a response to Park Ridge's motion for summary judgment, nor does it show whether he appeared at the hearing. The trial court granted summary judgment in favor of Park Ridge, and it is from that order, and the court's nunc pro tunc order on Carter's motion for nonsuit, that Carter now appeals.

## ANALYSIS

On appeal, Carter brings fourteen points of error, challenging: (1) whether service of citation was proper on Park Ridge; (2) whether the attorney representing Integrity Asset Management, the property management company and nonparty to the suit, could also represent Park Ridge; (3) whether Integrity Asset Management profited from its "deception;" (4) whether a nonparty may respond to discovery directed at another; (5) whether Park Ridge properly served him with its motion for summary judgment; (6) whether the trial court properly considered Park Ridge's motion for order nunc pro tunc on his motion for nonsuit; (7) whether Park Ridge's attorney acted unethically; (8) whether Park Ridge violated Rule 13 by filing pleadings without good faith; (9) whether Park Ridge violated Rule 21 when its motion for summary judgment did not appear on the docket; (10) whether Park Ridge timely served him with its motion for summary judgment; (11) whether Integrity Asset Management had standing absent filing a third-party petition; (12) whether he was given adequate time to prepare after Park Ridge filed its motion for summary judgment; (13) whether Integrity Asset Management could file a cross complaint; and (14) whether the trial court erred by serving notice of its nonsuit on counsel for Integrity Asset Management, who did not represent Park Ridge. However, Carter's brief provides no argument or discussion for any of his issues save one quote from

2

the Supreme Court's per curiam opinion in *University of Texas Medical Branch at Galveston v. The Estate of Darla Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006), which simply notes the general rules applicable to a nonsuit. Carter has not provided any legal analysis or argument in support of the specific contentions he raises.

Although we must construe Carter's brief liberally, as he is appearing *pro se*, Carter still must comply with all applicable briefing rules. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.–El Paso 2006, no pet.); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.–El Paso 2007, pet. struck); *Strange v. Continental Gas. Co.*, 126 S.W.3d 676, 678 (Tex. App.–Dallas 2004, pet. denied); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.–Amarillo 2003, pet. denied); *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.–Amarillo 2000, no pet.); *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.–Texarkana 1997, no pet.); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.–Dallas 2007, no pet.). Thus, his brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). We will not make Carter's arguments for him. *See Robertson v. Southwestern Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 903 (Tex. App.–Dallas 2006, no pet.); *Beard v. Beard*, 49 S.W.3d 40, 67 (Tex. App.–Waco 2001, pet. denied). When, as here, the brief contains no arguments or citations to legal authority analogous to those contentions uttered at bar, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez*, 238 S.W.3d at 843; *Martinez*, 218 S.W.3d at 844; *Plummer*, 93 S.W.3d at 931; *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Accordingly, we

3

overrule Carter's issues as inadequately briefed.

**CONCLUSION**

Having overruled Carter's issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

March 31, 2010

Before McClure, J., Rivera, J., and Guaderrama, Judge
Guaderrama, Judge, sitting by assignment

4