10-1373-cv
Cummins v. Suntrust Capital Mkts.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven.

PRESENT: PIERRE N. LEVAL,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges*.

------------------------------------------------------------------------
ROBERT P. CUMMINS,

*Plaintiff - Appellant*,

v.                                                              No. 10-1373-cv

SUNTRUST CAPITAL MARKETS, INC.,
AMIT HAZAN, JONATHAN BLOCK,

*Defendants - Appellees*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT: JULIUS GLICKMAN (Ashton Bachynsky, Carter & Bachynsky, LLP, Houston, Texas; Robert O'Hare, O'Hare Parnagian, LLP, New York, New York, *on the brief*), Law Office of Julius Glickman, Houston, Texas.

APPEARING FOR APPELLEES: JEFFREY J. SWART (Judson Graves, Robert R. Long, Tejas S. Patel, Alston & Bird LLP, Atlanta, Georgia; Nelson Boxer, Alston & Bird LLP, New York, New York, *on the brief*), Alston & Bird LLP, Atlanta, Georgia.

Appeal from the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 24, 2009, is AFFIRMED.

Plaintiff Robert Cummins, the former Chief Executive Officer of Cyberonics, Inc., appeals from an award of summary judgment in favor of defendants SunTrust Capital Markets, Inc., Amit Hazan, and Jonathan Block, on his defamation claim, and from a March 16, 2010 order denying his motion for reconsideration. We review an award of summary judgment de novo, see El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010), and we will affirm only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). We review the denial of a motion for reconsideration for abuse of discretion. See Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

We affirm for substantially the reasons stated in the district court's thorough and well-reasoned opinion. See Cummins v. Suntrust Capital Mkts., Inc., 649 F. Supp. 2d 224 (S.D.N.Y. 2009). Like the district court, we conclude that the thirty-seven alleged defamatory statements, considered individually and as a whole, are either (1) substantially true, see Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 516-17 (1991); McIlvain v. Jacobs, 794 S.W.2d 14, 15-16 (Tex. 1990); or (2) constitutionally protected opinion, see

2

Bentley v. Bunton, 94 S.W.3d 561, 579-81 (Tex. 2002); Brown v. Swett & Crawford of Tex., Inc., 178 S.W.3d 373, 383 (Tex. App. 2005).[1] We write only to address certain arguments raised by Cummins on appeal.

1.    Substantial Truth

Cummins argues that a fact question exists as to the substantial truth of defendants' analyst reports and statements to the media concerning the June 15, 2004 issuance of stock options to Cummins and other Cyberonics executives because defendants (1) incorrectly reported that management, rather than the board of directors, granted the options; and (2) failed to disclose certain facts demonstrating that there was "nothing wrong" with the option grants.   He contends that these undisclosed facts created a "substantially false and defamatory impression." Turner v. KTRK Television, Inc., 38 S.W.3d 103, 115 (Tex. 2000). None of the facts identified by Cummins, however, is material to the "gist," McIlvain v. Jacobs, 794 S.W.2d. at 16, of defendants' statements, i.e., that Cummins' conduct in connection with the options grant was self-interested and not aligned with the interests of shareholders. Moreover, the gist of the statements is fully substantiated by the undisputed facts that Cummins (1) knew the board was granting him options at the June 14 share price, (2) knew the share price would rise the next day on favorable news regarding the Food and Drug Administration panel approval, (3) was aware that other shareholders could not capitalize on this news because trading was closed, and (4) accepted responsibility for distributing similarly priced options to other Cyberonics executives.  See id.; Klentzman v.

---

[1] The parties do not dispute on appeal the applicability of Texas law.

Brady, 312 S.W.3d 886, 898-99 (Tex. App. 2009). While Cummins argues that the gist of defendants' statements is broader, suggesting that he profited from illegal backdated options, the statements at issue are not "reasonably capable" of such a defamatory meaning. Musser v. Smith Protective Servs., Inc., 723 S.W.2d 653, 654-55 (Tex. 1987).

Even if it would have been more accurate to state that the board granted the options, the gist of defendants' statements does not hinge on the technicality of who granted the options or their actual propriety. See, e.g., Gustafson v. City of Austin, 110 S.W.3d 652, 657 (Tex. App. 2003) (disregarding detail of "secondary importance" in substantial truth analysis); Barbouti v. Hearst Corp., 927 S.W.2d 37, 65 (Tex. App. 1996) (en banc) (holding that statements, although "not 100 percent accurate in every detail," were substantially true). In the mind of an average reader, the statement that management granted the options is not more harmful than the literal truth, i.e., that Cummins accepted options granted to him with full knowledge of the circumstances surrounding their timing and exercise price. See McIlvain v. Jacobs, 794 S.W.2d at 16; cf. Carr v. Mobile Video Tapes, Inc., 893 S.W.2d. 613, 619 (Tex. App. 1994) (holding statement that plaintiff avoided arrest more harmful than literal truth that he had not avoided arrest). Because the central facts underlying the gist of the statements are undisputed, the district court correctly concluded that they were substantially true as a matter of law. See Hearst Newspaper P'ship v. Macias, 283 S.W.3d 8, 11 (Tex. App. 2009); accord McIlvain v. Jacobs, 794 S.W.2d at 16.

4

2.    <u>Non-actionable Opinions</u>

Cummins submits that the district court erred in concluding that defendants' various characterizations of the option grants as, <u>inter alia</u>, self-interested, abusive, unethical, unjustifiable, a manipulation of securities regulations, and akin to backdating were non-actionable. Contrary to Cummins' contention, defendants' critiques of the option grants, as well as their doubts regarding the credibility of Cyberonics' management and predictions about possible regulatory action, constitute subjective, non-verifiable opinions. <u>See</u> <u>Bentley v. Bunton</u>, 94 S.W.3d at 579-81 (citing <u>Milkovich v. Lorain Journal Co.</u>, 497 U.S. 1 (1990)); <u>see also</u> <u>Robertson v. S.W. Bell Yellow Pages, Inc.</u>, 190 S.W.3d 899, 903 (Tex. App. 2006); <u>Brown v. Swett & Crawford of Tex., Inc.</u>, 178 S.W.3d at 383; <u>El Paso Times, Inc. v. Kerr</u>, 706 S.W.2d 797, 798-99 (Tex. App. 1986). While Cummins quarrels with the negative implications of these characterizations, such implications do not transform the characterizations from expressions of opinion into statements of fact.

Cummins' reliance on <u>Bentley v. Bunton</u>, 94 S.W.3d at 585, is misplaced. Unlike in <u>Bentley</u>, the statements at issue here do not imply the existence of undisclosed verifiable facts as the basis for defendants' opinions. Instead, defendants' general characterizations of the option grants are based solely on the circumstances in which they were awarded, <u>i.e.</u>, their timing and exercise price, as set forth in defendants' reports. Further, defendants included several disclaimers that they could not say whether the options were actually backdated or otherwise illegal. Although Cummins asserts that defendants' opinions are actionable because they were based on (1) the incorrect statement that management granted

5

the options and (2) incomplete facts regarding the basis for defendants' opinions, see id. at 583, the facts Cummins identifies have no bearing on the opinions expressed by defendants, i.e., that the option grants were inappropriate regardless of whether they complied with the letter of the law.[2]

### 3. Motion for Reconsideration

Because we agree with the district court's assessment of Cummins' claims, we identify no abuse of discretion in its denial of reconsideration. As the district court observed, Cummins sought reconsideration only to relitigate issues that had already been decided. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

### 4. Conclusion

We have considered Cummins' remaining arguments and conclude that they are without merit. For the foregoing reasons, the August 24, 2009 judgment and March 16, 2010 order are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Because we conclude that the statements were either substantially true or protected opinion, we do not address defendants' other arguments.