**AFFIRM; and Opinion Filed February 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01035-CV

**MICHELLE MANAUTOU, Appellant/Cross-Appellee**
**V.**
**EBBY HALLIDAY REAL ESTATE, INC., NANCY RUSSELL, PAT REVIEL,**
**JOHN W. CARPENTER, III, HACKBERRY GROUP, INC.,**
**HACKBERRY INVESTMENT PROPERTIES PARTNERS I, AND**
**HACKBERRY INVESTMENT PROPERTIES PARTNERS II, Appellees**
**AND**
**JEFFERSON PROPERTIES HOLDING CORPORATION, JEFFERSON PROPERTIES,**
**INC., LAS COLINAS CORPORATION, LAS COLINAS INVESTMENT PROPERTIES**
**LIMITED PARTNERSHIP, LC SOUTHWEST PARTNERS LIMITED**
**PARTNERSHIP-II F/K/A JMB/SOUTHWEST PARTNERS LIMITED PARTNERSHIP-**
**II, SOUTHLAND FINANCIAL CORPORATION, SOUTHLAND INVESTMENT**
**PROPERTIES, INC., SOUTHLAND LIFE INSURANCE CO., SOUTHLAND REAL**
**ESTATE RESOURCES, AND TEACHERS INSURANCE AND ANNUITIES,**
**Appellees/Cross-Appellants**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-10-07908-E**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Brown
Opinion by Justice Lang-Miers

Appellant Michelle Manautou sued appellees for claims relating to her purchase of a

condominium that she contends was contaminated with "Harmful Indoor Mold." The trial court

granted summary judgment in favor of appellees, denied cross-appellants' motion for summary

judgment as to their attorneys' fees, and issued a final order disposing of all claims and issues.

In three issues on appeal, appellant argues that the trial court granted summary judgment without

allowing an adequate time for discovery, and that the summary judgment was erroneous on the merits. In their cross-appeal, cross-appellants argue that the trial court erred when it declined to award them attorneys' fees. We affirm.

## BACKGROUND

Appellant initially filed suit in November 2010 against her condominium association (which she later dismissed from the case after other defendants were added). Appellant identified the case as a "discovery Level 3 case" governed by Texas Rule of Civil Procedure 190.4, but no discovery control plan was submitted to or signed by the trial court. As a result, discovery was controlled by "Level 2" under rule 190.3, and it is undisputed that the discovery period expired on September 26, 2011. In November 2012 the trial court signed an agreed order naming more than two dozen responsible third parties, including appellees. In December 2012 appellant filed a fourth amended petition converting appellees Ebby Halliday, Inc., Nancy Russell, and Pat Reviel from responsible third parties to defendants. In January 2013 appellant filed a fifth amended petition converting the other appellees from responsible third parties to defendants. In March and April 2013 appellees (the only remaining defendants) moved for traditional and no-evidence summary judgment seeking dismissal of appellant's claims on multiple grounds. Cross-appellants also moved for summary judgment seeking their attorneys' fees. Appellant responded to the motions by arguing, in part, that there had not been an adequate opportunity for discovery. Without stating the basis for its ruling, the trial court signed a final judgment granting appellees' motions for summary judgment as to appellant's claims, denying cross-appellant's motion for summary judgment as to their attorneys' fees, and disposing of "all claims, issues, and parties."[1] This appeal followed.

---

[1] We do not describe appellant's myriad claims against appellees, or appellees' grounds for summary judgment, because the nature of those claims and grounds is not germane to the disposition of this appeal.

### The Timing of the Summary Judgments

Appellant's first two issues relate to the timing of the summary judgments. In her first issue appellant argues that the trial court erred when it granted appellees' no-evidence motions for summary judgment without allowing an adequate time for discovery. In her second issue appellant argues that the trial court's decision not to reopen discovery once appellees were converted from responsible third parties to defendants "undercuts [Texas Civil Practice and Remedies Code] § 33.004(a) and (b) (2003)"—the statute that allows defendants to designate responsible third parties under certain circumstances—"to such an extent as to render the statute nugatory."

Under Texas Rule of Civil Procedure 166a(i), a trial court may grant a no-evidence motion for summary judgment "[a]fter an adequate time for discovery." Whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific. *Robertson v. Sw. Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 902 (Tex. App.—Dallas 2006, no pet.). To determine whether adequate time for discovery has passed, we examine such factors as: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already taken place; and (7) whether the discovery deadlines in place were specific or vague. *Id.* Our review of a trial court's determination that there has been an adequate time for discovery is governed by an abuse of discretion standard. *Id.* at 902–03.

In this case appellant does not frame her argument in terms of the relevant factors outlined above. Instead, appellant contends that it was "*per se* an abuse of discretion" to grant no-evidence summary judgment in this case without reopening discovery once appellees were

converted from responsible third parties to defendants, so that appellant could take unspecified "intra-party discovery."[2] We disagree.

It is undisputed that discovery closed in September 2011 and that appellees moved for summary judgment in early 2013. Usually the discovery period provides an adequate opportunity for discovery unless there is a showing to the contrary. *See* TEX. R. CIV. P. 166a(i) cmt.[3] In this case there is no showing to the contrary. Appellees were not named as defendants until December 2012 and January 2013, but appellant could have obtained nonparty discovery from appellees earlier pursuant to rule 205.[4] By the time appellant amended her petitions to name appellees as defendants, appellant had sought and obtained several extensions of the trial date, and the case had been on file for more than two years. In one of her motions to continue the trial date, filed more than one year after the discovery period had closed, appellant agreed that the continuance would "have no effect, impliedly, on extending the discovery period which expired[.]" Appellant also acknowledges that when the Ebby Halliday appellees were named as defendants and attempted to obtain discovery from appellant, appellant declined to respond on the ground that the discovery period had expired. Appellant also repeatedly announced ready for trial around the time of the summary judgment motions. More specifically, at a hearing on March 8, 2013, while two of the motions for summary judgment were pending and before the third one was filed, appellant announced ready for trial. The following day appellant filed a

---

[2] When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *see also* TEX. R. CIV. P. 166a(g), 251, 252. In the fact section of her brief appellant references a "Verified Motion for Continuance," which she included in an appendix to her brief behind a tab she identified as "Filed Pleadings Not Included in Appellate Record." We may not consider documents not contained in the trial court record. *See Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, thus, the documents cannot be considered.").

[3] The comment to rule 166a(i) states, in relevant part, "A discovery period set by pretrial order should be [an] adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph 166a(i) would be permitted after the period but not before." TEX. R. CIV. P. 166a(i) cmt. In this case there was no pretrial discovery order. Instead the parties agree that discovery was governed by "level two" under rule 190.3(b)(1). But the reasoning in the comment still applies because a level two discovery control plan has "the same effect as a pretrial order establishing a discovery period." *Akhter v. Schlitterbahn Beach Resort Mgmt., LLC*, No. 03-13-00117-CV, 2013 WL 4516130, at *3 (Tex. App.—Austin Aug. 22, 2013, no pet.) (mem. op.).

[4] According to appellant, she did not seek discovery under rule 205 because she assumed "an objection would have been forthcoming."

notice of readiness stating that she was "ready to proceed with the trial of [appellant's] claims." On March 15, 2013, appellant's counsel also filed an affidavit again stating that appellant was ready for trial:

> Because of the year-long investigation I have conducted concerning the claims in the Sixth Amended Petition, I have accumulated for [appellant] a large quantum of quality evidence and, essentially, could swamp the defendants with evidence, if the Court proceeded with disposition of summary judgment motions or trial[.]

Moreover, on appeal, appellant does not describe what additional evidence was necessary in order to controvert any of the grounds raised in any of the motions.

Appellant argues that if a trial court can refuse to reopen discovery after a party is named as a defendant, one "consequence[ ] that could follow" would be that the defendant "could be forced to trial without opportunity for any pretrial [i]ntra-[p]arty [d]iscovery." But that hypothetical scenario is not what occurred here, and we are required to analyze the trial court's exercise of discretion under the procedural facts of this particular case.

In this case the record shows that appellant previously agreed not to seek additional discovery and repeatedly announced ready for trial. The record does not show that appellant diligently sought discovery during the discovery period, nor does appellant explain what additional discovery was necessary. As a result, we conclude that appellant has failed to demonstrate that the trial court abused its discretion when it determined that there had been an adequate time for discovery. *See, e.g.*, *Bennett v. Reynolds*, No. 03-12-00568-CV, 2014 WL 4179452, at *9 (Tex. App.—Austin Aug. 22, 2014, pet. filed) (mem. op.) (appellate court could not conclude trial court abused its discretion when it determined there had been an adequate time for discovery because, among other things, the discovery period had expired several months before summary judgment hearing was held).

**The Merits of the Summary Judgments**

In her third issue appellant argues that the trial court erred when it granted appellees' summary judgment motions because genuine issues of material fact precluded summary judgment.

When a party moves for summary judgment on multiple grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been based by either asserting a separate issue challenging each possible ground, or asserting a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds upon which summary judgment could have been granted. *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). When a trial court grants a no-evidence motion for summary judgment, in order to adequately challenge on appeal each possible ground for summary judgment, an appellant must cite the specific evidence in the record that it relied upon to defeat the motion and describe why that evidence raised a fact issue. *Cf. Parkchester Holdings, Inc. v. Carrier Corp.*, No. 05-04-00912-CV, 2005 WL 995357, at *3 (Tex. App.—Dallas Apr. 29, 2005, no pet.) (mem. op.) ("A party responding to a no-evidence motion for summary judgment has the burden of pointing out to the trial court where the issues raised in its response can be found in its offered evidence."); *see generally Most Worshipful Prince Hall Grand Lodge v. Jackson*, 732 S.W.2d 407, 412 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (en banc) (appellate courts are not required to search the record for evidence supporting a litigant's position).

In this case appellees moved for traditional and no-evidence summary judgment on multiple grounds, and the trial court granted summary judgment in their favor without stating a basis for its ruling. On appeal appellant argues that she was entitled to rely on evidence that was

in the trial court's record but was not attached to the summary judgment motions or responses.[5]

Appellant also makes the following general statements about the summary judgment evidence:

> In the Summary Judgment Record, there is an overwhelming amount of circumstantial evidence, proving overwhelmingly that Plaintiff/Appellant had overflowing probable cause to bring suit against Defendant/Appellees.
>
> • • •
>
> [T]he quantum and quality of evidence in the Summary Judgment Record is more than enough to require the trial court to deny the no evidence MSJs of the Defendant/Appellees.

Appellant does not, however, identify or discuss any of the grounds raised in the motions, nor does she describe or discuss any evidence that she contends created a fact issue precluding summary judgment as to each of those grounds. As a result, we conclude that appellant's third issue presents nothing for review. *See Gonzalez v. VATR Constr., LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.) (failure to provide substantive analysis waives an appellate issue); *Meachum v. JP Morgan Chase Bank, N.A.*, No. 05-08-00318-CV, 2011 WL 477885, at *2 (Tex. App.—Dallas Feb. 11, 2011, pet. denied) (mem. op.) (bare assertions of error are insufficient to preserve error for appellate review); *see also, e.g.*, *Wen v. Lin*, No. 01-13-00962-CV, 2014 WL 7335190, at *4 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, no pet.) (mem. op.) (overruling complaint that trial court erred in granting summary judgment because appellant offered no argument or analysis to support bare assertion that trial court erred in granting summary judgment).

---

[5] More specifically, appellant cites our decision in *Callahan v. Aviation Services, LLC*, 397 S.W.3d 342 (Tex. App.—Dallas 2013, no pet.), for the proposition that "the summary judgment evidence included 'all evidence on file at the time of the hearing.'" In *Callahan*, however, we simply explained that under rule 166a(c), the summary judgment record includes evidence attached either to the motion or response. Applying rule 166a(c) to the facts in that case, we noted that both parties could rely upon, and the trial court could consider, evidence attached to the nonmovant's summary judgment response.

In their summary judgment motion cross-appellants moved to recover their attorneys' fees either under a contractual attorneys' fees provision or as a sanction under rule 13. The trial court declined to award attorneys' fees. On appeal cross-appellants argue that the trial court (1) erred by not awarding contractual attorneys' fees as a matter of law, and (2) abused its discretion by denying their request for attorneys' fees as sanctions under rule 13.

First, cross-appellants claim that they are entitled to recover, as a matter of law, $118,307.84 in attorneys' fees and court costs, plus up to $125,000 in conditional appellate attorneys' fees, because appellant's contract claim was based on a 1983 Condominiums Declaration and Master Deed, and that document contains the following provision:

> The party prevailing in any lawsuit to enforce or interpret any of the terms and provisions of the Project Documents shall be entitled to recover reasonable attorneys' fees, court costs and other expenses, whether at the trial or the appellate level.

Cross-appellants do not discuss the defined term "Project Documents" or explain how appellant's claims sought to "enforce or interpret any of the terms and provisions of the Project Documents."

The general rule in Texas is that a party is entitled to attorneys' fees when "provided for by statute or by contract *between the parties*." *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex. 1964) (emphasis added). Cross-appellants do not contend, however, that they were a party to the declaration and master deed, or in privity with a party to the declaration and master deed, or an intended beneficiary of the declaration and master deed. Instead, cross-appellants implicitly contend to the contrary: one of their grounds for no-evidence summary judgment as to appellant's contract claim was that there is no evidence of a contract between appellant and cross-appellants. Moreover, cross-appellants' motion for summary judgment did not include any

evidence to support the amount of fees and costs to which they claim they are entitled.[6]  As a result, cross-appellants did not demonstrate that they were entitled to attorneys' fees as a matter of law.

Alternatively, cross-appellants contend that the trial court abused its discretion by denying their request for attorneys' fees as a sanction under rule 13.  The record does not show that the trial court held a hearing on cross-appellants' request for relief under rule 13.

Rule 13 authorizes the imposition of sanctions against an attorney, a party, or both, who filed a pleading that is: (1) groundless and brought in bad faith; or (2) groundless and brought to harass.  *See* TEX. R. CIV. P. 13.  The purpose of rule 13 is to check abuses of the pleading process. *See N.Y. Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 204 (Tex. App.—Dallas 1993, no writ); *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 889 (Tex. App.—Corpus Christi 1991, no writ).  When determining whether rule 13 sanctions are appropriate, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading.  *See N.Y. Underwriters*, 856 S.W.2d at 205; *Home Owners*, 815 S.W.2d at 889.  Rule 13 requires the trial court to hold an evidentiary hearing to determine the motives and credibility of the person signing the allegedly groundless petition.  *N.Y. Underwriters*, 856 S.W.2d at 205; *Home Owners*, 815 S.W.2d at 888–89.  As a result, summary judgment is inappropriate for deciding a request for rule 13 sanctions.  *See N.Y. Underwriters*, 856 S.W.2d at 206 (holding trial court erred when it granted summary judgment on counterclaim for relief under rule 13 because "summary judgment is inappropriate for deciding the motives and credibility of the person signing the alleged groundless petition").  We conclude that the trial court did not abuse its discretion when it declined to award cross-

---

[6] On appeal cross-appellants cite an attorneys' fees affidavit that was filed several months after their motion for summary judgment and after the hearing on that motion.

appellants attorneys' fees as a sanction against appellant in its summary judgment. *Cf. Hexamer v. Topographic Land Surveyors*, No. 05-97-00108-CV, 1999 WL 114390, at *3 (Tex. App.—Dallas Mar. 4, 1999, no pet.) (not designated for publication) (trial court erred by awarding attorneys' fees as sanction under rule 13 in its summary judgment).

## CONCLUSION

We resolve appellant's issues against her and we resolve cross-appellants' issues against them. We affirm the trial court's final judgment dated July 10, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131035F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHELLE MANAUTOU,
Appellant/Cross-Appellee

No. 05-13-01035-CV          V.

EBBY HALLIDAY REAL ESTATE, INC.,
NANCY RUSSELL, PAT REVIEL,
JOHN W. CARPENTER, III,
HACKBERRY GROUP, INC.,
HACKBERRY INVESTMENT
PROPERTIES PARTNERS I, AND
HACKBERRY INVESTMENT
PROPERTIES PARTNERS II, Appellees
AND
JEFFERSON PROPERTIES HOLDING
CORPORATION, JEFFERSON
PROPERTIES, INC., LAS COLINAS
CORPORATION, LAS COLINAS
INVESTMENT PROPERTIES LIMITED
PARTNERSHIP, LC SOUTHWEST
PARTNERS LIMITED PARTNERSHIP-II
F/K/A JMB/SOUTHWEST PARTNERS
LIMITED PARTNERSHIP-II,
SOUTHLAND FINANCIAL
CORPORATION, SOUTHLAND
INVESTMENT PROPERTIES, INC.,
SOUTHLAND LIFE INSURANCE CO.,
SOUTHLAND REAL ESTATE
RESOURCES, AND TEACHERS
INSURANCE AND ANNUITIES,
Appellees/Cross-Appellants

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-10-07908-E.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the trial court's final judgment dated July 10, 2013 is **AFFIRMED**.

It is **ORDERED** that appellees recover their costs of this appeal from appellant Michelle Manautou.

Judgment entered this 27th day of February, 2015.