**Affirmed and Opinion Filed June 9, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00848-CV

**ALTA FERGUSON, Appellant**

**V.**

**WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER STORE #5147, WAL-MART STORES, INC. D/B/A WAL-MART STORE #789 AND MCDONALD'S CORPORATION, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-05569-A**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Whitehill

In this personal injury lawsuit arising out of a slip-and-fall, Alta Ferguson appeals the entry of a final judgment in favor of Wal-Mart.

Appellant is pro se before this Court. We hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *See* TEX. R. APP. P. 38.1; *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318

S.W.3d 867, 880 (Tex. 2010). Under those rules, an appellant's brief must concisely state all issues or points presented for review and, among other things, contain a clear concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i).

We may not speculate as to the substance of the specific issues asserted by an appellant and may not make a party's argument for her. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). And we have no duty to perform an independent review of the record and the applicable law to determine if the trial court erred. *Id.* An appellant's failure to cite legal authority or provide substantive analysis of a legal issue thus forfeits the complaint. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing).

On November 19, 2015, we notified Ferguson that her brief was deficient and instructed her to file an amended brief within ten days. She did not do so. On January 19, 2016, Ferguson filed a motion for an extension of time to file an amended brief. We denied the motion and advised that the case would be submitted on the defective brief.

Although we are to construe the rules of appellate procedure liberally, *see Republic Underwriters Ins. Co. v. Mex–Tex., Inc.*, 150 S.W.3d 423, 427 (Tex. 2004), in this case appellant's briefing is so inadequate that we would have to identify her issues and make her arguments for her, which we will not do. *Robertson v. Southwestern Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.). The brief is a collection of notices and excerpts from medical records. No appellate issues are identified, no arguments are made, and there are no citations to authority or the record. Therefore, on this record, Ferguson has forfeited her appellate issue(s) due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i).

We affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

150848F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALTA FERGUSON, Appellant

No. 05-15-00848-CV          V.

WAL-MART STORES TEXAS, LLC
D/B/A WAL-MART SUPERCENTER
STORE #5147, WAL-MART STORES,
INC. D/B/A WAL-MART STORE #789
AND MCDONALD'S CORPORATION,
Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-11-05569-A.
Opinion delivered by Justice Whitehill.
Justices Myers and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER STORE #5147, WAL-MART STORES, INC. D/B/A WAL-MART STORE #789 AND MCDONALD'S CORPORATION recover the costs of this appeal from appellant ALTA FERGUSON.

Judgment entered June 9, 2016.

–4–