SEARS, ROEBUCK & COMPANY, Petitioner,

v.

Irene MARQUEZ, et al., Respondents.

No. C–979.

Supreme Court of Texas.

March 3, 1982.

Young, Taylor, Murray & Richards, Randall B. Richards, San Antonio, for petitioner.

Michael A. Chovanec, John C. Laye, Jr., and Daniel R. Rutherford, San Antonio, for respondents.

PER CURIAM.

Irene Marquez (Marquez) brought this suit against Sears, Roebuck & Company (Sears) seeking to recover damages for breach of a "Termite Control Contract and Guarantee." The trial court rendered a judgment notwithstanding the verdict in favor of Sears, ignoring the jury's verdict awarding $25,000 damages to Marquez to repair her house.

The court of appeals reviewed the evidence and agreed with the trial court's judgment that there was no legally sufficient evidence to support the jury's findings as to the existence or amount of damages. However, the court of appeals reversed the trial court, holding it erred in granting the judgment notwithstanding the verdict, and then remanded the cause in the interest of justice because: "... the parties are in agreement some new ... damage occurred ...." 625 S.W.2d 52.

We hold that under the record and circumstances before us the court of appeals' reversal and remand in the interest of justice was not within its discretion. Under either Rule 434 or Rule 505 Tex.R.Civ.P., it is well settled that an *errorless* judgment of a trial court cannot be reversed in the interest of justice. See, *General Motors Corp. v. Hopkins*, 548 S.W.2d 344 (Tex.1977); *Uselton v. State*, 499 S.W.2d 92 (Tex.1973); Calvert, *In the Interest of Justice*, 4 St. Mary's L.J. 291 (1972).

An appellate court is not authorized to reverse the judgment of a trial court on the ground that the case has not been fully developed. It may only reverse for error committed at trial. *Barnum v. Lopez*, 471 S.W.2d 567 (Tex.1971). Once an appellate court has concluded there is no evidence to support a necessary finding, it is not within its power to reverse the judgment and remand for further development of the same or similar evidence without finding some error in the judgment.

The court of appeals' failure to affirm the judgment in favor of Sears under this record conflicts with the rule in the above cited cases and Rule 434, Tex.R.Civ.P. Pursuant to Rule 483, Tex.R.Civ.P., we grant petitioner's writ of error and, without hearing oral argument, we reverse the judgment of the court of appeals and render judgment that Irene Marquez take nothing by her suit against Sears.