**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Jesse LARA, Appellee.**

**No. A14–84–405–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 21, 1985.

Rehearing Denied March 21, 1985.

Otaway B. Denny, Jr., R. Dan Fontaine, Houston, for appellant.

Donna Cywinski, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and ELLIS, JJ.

## OPINION

### J. CURTISS BROWN, Chief Justice.

In this worker's compensation action the jury found that Jesse Lara suffered permanent partial incapacity and that the percentage reduction of earning capacity was twenty-five percent. The court rendered judgment for appellee, Jesse Lara, on this verdict. Appellant's points of error concern whether the trial court erred in submitting the issue of partial incapacity on a percentage basis instead of on a dollar and cents basis and whether the evidence was sufficient to support the submission of the issue. Finding no error, we affirm.

Appellant contends in its first point of error that the trial court erred in the form in which it submitted the issue on partial incapacity because the issue called for a finding of the percentage reduction in earning capacity, rather than a dollar and cents finding of the difference between the appellee's average weekly wage before his injury and his average weekly earning capacity during his partial incapacity. Appellant argues that the form in which the issue was submitted is contrary to Texas Worker's Compensation Act which provides:

> While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty-six and two-thirds percent (66⅔%) *of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity,* but in

no case more than the maximum weekly benefit set forth in Section 29 of this Article. The period covered by such compensation shall be in no case greater than three hundred (300) weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one (401) weeks from the date of injury. *Compensation for all partial incapacity resulting from a general injury shall be computed in the manner provided in this Section, and shall not be computed on a basis of a percentage of disability.* (emphasis added)

TEX.REV.CIV.STAT.ANN. art. 8306, § 11 (Vernon 1967). While the statute expressly prohibits computation of partial incapacity on the basis of a percentage of disability, it does not forbid determination of partial incapacity on the basis of percentage reduction of earning capacity. However, appellant argues that when the issue of partial incapacity is submitted on a percentage basis there is a significant danger that the jury will confuse the percentage of disability testified to by the plaintiff's doctor with the percentage reduction in earning capacity. Any such danger was dispelled in this case by the correct definitions of partial incapacity and earning capacity contained in the charge to the jury. The definitions clearly distinguish reduction in earning capacity from physical disability. Point of error one is overruled.

Appellant contends in its second and third points of error that there was no evidence, or alternatively insufficient evidence, from which the jury could determine appellee's average weekly wage prior to the accident. Appellant argues that in the absence of sufficient evidence of average weekly wage prior to the accident the jury had no basis to answer special issue #2(C) which requested:

> Find appellee's percentage reduction of earning capacity, if any, during partial incapacity.

Under the Act the Legislature intended that average weekly wages before injury represent earning capacity before injury.

*Employers Reinsurance Company v. Holland,* 162 Tex. 394, 347 S.W.2d 605 (1961). Appellant contends that the jury could not determine the percentage reduction in earning capacity without knowing the earning capacity (average weekly wages) of appellee before injury.

The trial court was able to compute the award for partial incapacity using the jury's finding of a 25 percent reduction in earning capacity, because appellee's average wage before injury was stipulated. However, the stipulation was not disclosed to the jury. The issue on earning capacity during partial incapacity in the Texas Pattern Jury Charges 22.11 (1970) requires the jury to answer by stating in dollar and cents the difference between his average weekly wage before the injury and his average weekly earning capacity during such partial incapacity. The comment to this issue provides that if the stipulation as to plaintiff's average weekly wage before the injury is not disclosed to the jury, that P.J.C. 22:12 should be used which requires the jury to find from a preponderance of the evidence plaintiff's average weekly earning capacity during such partial incapacity. The format of the Pattern Jury Charges supports appellant's position that when the jury is requested to find the reduction in earning capacity, they need to know the plaintiff's average weekly wage before injury.

Although the stipulation of appellee's average weekly wage before injury was not disclosed, the jury was presented with evidence of appellee's earning capacity both before and after the injury. Appellee testified as to his wage rates and his average weekly working hours before the injury. The jury could approximately determine appellee's average weekly earning capacity from the evidence. It makes no difference that appellee's testimony as to his earning capacity does not exactly equal the stipulated amount. The jury was only required by the special issue to make an approximate estimation of the percentage reduction in appellee's earning capacity. In such case the evidence of average weekly wage before injury does not need to be exact if it does not materially differ from the actual or stipulated amount.

We hold that there was sufficient evidence to support the submission of the special issue # 2(c). Points of error two and three are overruled.

The judgment of the trial court is affirmed in all respects.