PAUL PRESSLER, Justice,
dissenting.
I respectfully dissent. Appellant did not present the jury with the required evidence from which it could calculate her “average weekly wages.” The record is silent as to the number of days she worked during that period. Therefore, the jury could not have used the statutory formula to determine her wage rate.
The parties have previously cited the case of TEIA v. Lara, 687 S.W.2d 463 (Tex.App.—Houston [14th Dist.] 1985, writ granted). The principal issues in Lara concerned the form of the special issue to be submitted to the jury and whether the evidence was sufficient to support the submission of the issue. This court held that there was sufficient evidence from which an estimate of the percentage reduction in earning capacity could be made. In the present case, the jury did not have the necessary evidence to determine the difference in earning capacity before and after the injury. Further, the fact that the Texas Supreme Court has granted Appellee’s application for a writ of error weakens Appellant’s contention that Lara is disposi-tive of the present question.
As the record did not contain sufficient evidence to support the jury’s findings as to the compensation due appellant, the trial court’s judgment is correct. An errorless judgment cannot be reversed in the interest of justice. Sears, Roebuck & Co. v. Marquez, 628 S.W.2d 772, 773 (Tex.1982) (per curiam); TEX.R.CIV.P. 434, 505. Once an appellate court concludes that there is no evidence to support a necessary finding, it does not have the power to reverse the judgment and remand for further development of the same or similar evidence unless the Court finds some error in the judgment. Sears, Roebuck & Co., 628 S.W.2d at 773. The judgment non obstante vere-dicto should be affirmed. Therefore, I respectfully note my dissent from the reversal and remand directed by the majority.