

# NUMBER 13-09-00576-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**GLENDA POSTERT,** **Appellant,**

**v.**

**CALHOUN COUNTY,** **Appellee.**

**On appeal from the 135th District Court
of Calhoun County, Texas.**

_____

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Glenda Postert filed a trespass to try title suit against appellee Calhoun

County ("the County") seeking to quiet title to an area of land in Calhoun County, Texas.

*See* TEX. PROP. CODE ANN. § 22.001 (West 2001); TEX. CIV. PRAC. & REM. CODE

§ 37.004(a) (West 2008) ("Declaratory Judgments Act"). The County and Postert each moved for summary judgment. The trial court granted the County's motion for summary judgment. By a single issue, Postert argues the trial court should have denied the County's motion for summary judgment and granted her motion for summary judgment. Because the record shows Postert's suit is barred by governmental immunity, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The land Postert claims she owns is located within the Bayside Beach subdivision in Calhoun County. The record shows that part of the 0.83-acre piece of land in issue is on land the County claims was validly dedicated for use as streets in Calhoun County. Postert brought this trespass to try title suit against the County, seeking a declaratory judgment from the trial court that the County has abandoned the streets in question and establishing her title to the property.[1] Postert claims ownership of the land by deed and adverse possession.[2]

More than a year after Postert filed her suit, the County filed a no-evidence motion for summary judgment and later added a supplemental motion for summary judgment. Among other things, the County argued Postert's suit against it was barred by immunity. Postert responded to the County's motion for summary judgment by filing evidence and a motion for summary judgment seeking judgment against the County. The trial court

---

[1] Chapter 251 of the Texas Transportation Code grants the County authority to establish, build, maintain, close, abandon, vacate or discontinue public roads. *See generally* TEX. TRANSP. CODE ANN. §§ 251.051–.053, .057–.059 (West 1999 and Supp. 2009). Postert does not claim any remedy under Chapter 251, and did not seek abandonment pursuant to Chapter 251. *See generally id.* §§ 251.057–.058.

[2] At the time of the trial court's summary judgment at issue in this appeal, the parties' live pleadings were Postert's second amended petition and the County's second amended original answer. In addition to the County, Postert sued other defendants and asserted other claims against them. Only Postert and the County are parties to this appeal. In her response to the County's motion for summary judgment and her counter-motion for summary judgment, Postert clarified the scope of her suit against the County as stated above.

2

granted the County's motion for summary judgment in an interlocutory order dated May 15, 2008.

Postert timely filed a motion for reconsideration and the County responded. The court reheard the case in February 2009. In April 2009, the trial court vacated its interlocutory order and granted the County's motion for summary judgment without stating its grounds for doing so. On August 28, 2009, the trial court granted Postert's motion to sever her suit against the County from her claims asserted against other defendants. Postert timely perfected this appeal against the County.

## II. STANDARD OF REVIEW

When governmental immunity is raised in a motion for summary judgment, we apply the standard of review applicable to a summary judgment. *See Hudson v. City of Houston*, —S.W.—, No. 01-07-00939-CV, 2011 WL 1376168, at *5 n.7 (Tex. App.—Houston [1st Dist.] Jan. 13, 2011, pet. filed); *Learners Online, Inc. v. Dallas Indep. Sch. Dist.,* 333 S.W.3d 636, 641 (Tex. App.—Dallas 2009, no pet.). We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions of law presented and render the judgment the trial court should have rendered. *See Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004) (citing *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000)). The reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious. *Id.* Because it implicates subject-matter jurisdiction, governmental immunity may be reviewed on

appeal regardless of whether the trial court expressly ruled on that issue. *Hudson*, 2011 WL 1376168, at *5 n.7 (citing *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 313 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)).

### III. ANALYSIS

Sovereign immunity deprives a trial court of subject-matter jurisdiction over lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. A county is a governmental unit protected by sovereign immunity. *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003). The Supreme Court of Texas recently reaffirmed that without the State's consent, a trespass to try title action against the State is barred by sovereign immunity even when, as here, it is brought as a declaratory-judgment action under the Declaratory Judgments Act. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, —S.W.—, No. 07-0945, 2011 WL 3796347, at *3–4 (Tex. Aug. 26, 2011) (citing *State v. Lain*, 349 S.W.2d 579, 582 (Tex. 1961)); *see also City of Dallas v. Turley*, 316 S.W.3d 762, 771 (Tex. App.—Dallas 2010, pet. denied) (concluding immunity barred suit against city for adverse possession and trespass to try title). Because immunity bars Postert's suit against the County in this case, the trial court correctly granted the County's motion for summary judgment.[3] We overrule Postert's sole issue on appeal.

---

[3] We note that while immunity generally does not bar a trespass to try title suit against an individual government official who commits a nondiscretionary *ultra vires* act, no such claim was made in this case. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, —S.W.—, No. 07-0945, 2011 WL 3796347, at *8 (Tex. Aug. 26, 2011). In two recent decisions involving pleas to the jurisdiction, the Supreme Court of Texas has found immunity barred a declaratory-judgment action against the State, but remanded the case to the trial court so that an *ultra vires* claim against individual government officials could be pleaded. *See id.* at *8–10; *Tex. Dep't of Transp. v. Sefzik*, —S.W.—, No. 08-0943, 2001 WL 5041969, at *4 (Tex. Oct. 21, 2011). In both cases, the party challenging immunity asked the Supreme Court to remand so that an *ultra vires* claim could be pleaded. *See Sefzik*, 2011 WL 5041969 at *3; *Sawyer Trust*, 2011 WL at *8. In *Sefzik*, the Court explained it was giving Sefzik an opportunity to amend his pleading because his immunity-barred claim was made before the Court's decision in *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009), which clarified the law in this area. *See Sefzik*, 2011 WL 5041969 at *4.

## IV.  CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
27th day of October, 2011.

---

Postert did not ask this Court to reverse and remand this case so that she may assert an *ultra vires* claim.  Postert asked this Court to render summary judgment against the County in her favor.  We also note that *Heinrich* was handed down on May 1, 2009, several months before August 28, 2009, when the trial court severed Postert's suit against the County, resulting in the appealable final judgment at issue here.  As an intermediate appellate court, we lack authority to reverse an errorless judgment and remand for further development of the case.  *See* TEX. R. APP. P. 43.3; *Chrisman v. Brown*, 246 S.W.3d 102, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Sears, Roebuck & Co. v. Marquez*, 628 S.W.2d 772, 773 (Tex. 1982)).